IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MILTON THOMPSON,

                              Plaintiff,                    Civil Action No.
                -v.-                                        9:08-CV-0037 (FJS/DEP)

DARWIN LACLAIR, Superintendent, A. MCKEE,
Correctional Officer, and N. IRWIN, Lieutenant,

                              Defendants.

APPEARANCES:

FOR PLAINTIFF:

MILTON THOMPSON, *Pro Se*
97-A-1874
Franklin Correctional Facility
P.O. Box 10
Malone, NY  12953

FOR DEFENDANTS:

HON. ANDREW M. CUOMO            AARON M. BALDWIN, ESQ.
Attorney General of            Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

Plaintiff Milton Thompson, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this proceeding pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights.  In his complaint, plaintiff asserts that he was issued a misbehavior report accusing him of prison rule violations which he did not commit, and that as a result of the issuance of that report and an ensuing disciplinary hearing he was placed in keeplock confinement and suffered the loss of various privileges, including removal from various prison programs.  Plaintiff maintains that through their actions defendants deprived him of procedural due process and subjected him to cruel and unusual punishment, and further asserts that they should be held liable for various personal items he discovered missing at or around the time of the hearing.

Currently pending before the court in connection with the matter are cross-motions filed by the parties.  The motion process was initiated by the defendants who, in response to plaintiff's complaint, have moved seeking its dismissal for failure to state a cause of action upon which relief may be granted.  Plaintiff has since filed papers in opposition to defendants' motion and in support of a cross-motion for leave to amend his complaint to add

2

claims, including those associated with the loss of good time credits which he attributes to the misbehavior report and disciplinary hearing.  Defendants oppose plaintiff's motion for leave to amend on the ground of futility.

Having carefully considered the parties' submissions, I recommend the entry of an order granting defendants' dismissal motion, with leave to replead, and denying plaintiff's cross-motion for leave to amend on the basis of futility.

I.    BACKGROUND[1]

Plaintiff is a prison inmate entrusted to the care and custody of the New York State Department of Correctional Services ("DOCS"); at the times relevant to his claims plaintiff was designated to the Franklin Correctional Facility ("Franklin"), located in Malone, New York.  *See generally* Complaint (Dkt. No. 1).  On August 2, 2007, while apparently already subject to cell restriction as a result of a prior disciplinary hearing, plaintiff was observed outside of his cube by Corrections Officer A. McKee.  Complaint (Dkt. No. 1) § 6, ¶ 1 and Exh. 1.  As a result of the incident an inmate misbehavior report

───────────────────

[1]    In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted as true for purposes of the pending motion, *see Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

was prepared by defendant McKee, charging Thompson with violating prison

rules 109.10 (being out of place) and 181.10 (failure to comply with a hearing

disposition); that charge was dated August 2, 2007, and was served upon

Thompson the following day. *Id.*

A Tier II hearing was convened on August 6, 2007 to address the

charges set forth in the misbehavior report.[2]  Defendant N. Irwin, a

Corrections Lieutenant, served as the hearing officer during the course of

that proceeding.  At the close of the hearing defendant Irwin issued a

decision finding plaintiff guilty on both counts, and imposing a penalty which

included thirty days of keeplock confinement, with a corresponding loss of

recreation, package, commissary and telephone privileges.[3]  Complaint (Dkt.

---

[2]       The DOCS conducts three types of inmate disciplinary hearings.  Tier I
hearings address the least serious infractions, and can result in minor punishments such
as the loss of recreation privileges.  Tier II hearings involve more serious infractions, and
can result in penalties which include confinement for a period of time in the Special
Housing Unit (SHU).  Tier III hearings concern the most serious violations, and could result
in unlimited SHU confinement and the loss of "good time" credits.  *See Hynes v. Squillace,*
143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S. Ct. 246 (1998).

[3]       Keeplock is a form of confinement restricting an inmate to his or her cell,
separating the inmate from others, and depriving him or her of participation in normal
prison activities.  *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989); *Warburton v. Goord*,
14 F. Supp.2d 289, 293 (W.D.N.Y. 1998) (citing *Gittens*); *Tinsley v. Greene,* No. 95-CV-
1765, 1997 WL 160124, at *2 n. 2 (N.D.N.Y. Mar. 31, 1997) (Pooler, D.J. & Homer, M.J.)
(citing, *inter alia, Green v. Bauvi*, 46 F.3d 189, 192 (2d Cir. 1995)).  Inmate conditions
while keeplocked are substantially the same as in the general population.  *Lee v.
Coughlin*, 26 F. Supp. 2d 615, 628 (S.D.N.Y. 1998).  While on keeplock confinement an
inmate is confined to his or her general population cell for twenty-three hours a day, with
one hour for exercise.  *Id.*  Keeplocked inmates can leave their cells for showers, visits,

No. 1) ¶ 14 and Exh. 2.  That determination was affirmed on appeal to

defendant Rock, the Deputy Superintendent of Security at the facility, by

decision rendered on August 14, 2007, and later by defendant LaClair, the

Superintendent at Franklin, on October 16, 2007.  *Id.* ¶¶ 20, 22 and Exhs. 2,

3.  There is no indication in plaintiff's complaint that he appealed the hearing

officer's decision to the DOCS central office.

　　　As a direct consequence of the hearing determination, plaintiff was

removed from certain programs in which he had been participating, including

Alcohol and Substance Abuse Treatment ("ASAT"), Aggression Replacement

Training ("ART"), and a Mobility Assistance Work Program ("MAWP").  *Id.* ¶¶

15-17.

II.　　PROCEDURAL HISTORY

　　　Plaintiff commenced this action on January 10, 2008.  Dkt. No. 1.

Plaintiff's complaint names Superintendent LaClair, Corrections Officer

McKee and Corrections Lieutenant Irwin as defendants, and asserts two

causes of action, alleging deprivation of procedural due process and the

_____

medical exams and counseling, and can have cell study, books and periodicals.  *Id.*  The
primary difference between keeplock and the general population confinement conditions is
that keeplocked inmates do not leave their cells for out-of-cell programs, and are usually
allowed less time out of their cells on the weekends.  *Id.*

imposition of cruel and unusual punishment.[4]  *Id.*

In response to plaintiff's complaint, defendants moved on March 27, 2008 seeking its dismissal for failure to state a cause of action upon which relief may be granted.[5]  Dkt. No. 12.  Plaintiff has since submitted responding papers in opposition to the motion and in support of a cross-motion seeking leave to amend his complaint.  Dkt. No. 15.  In his accompanying proposed amended complaint, plaintiff seeks to add a challenge to a determination of the facility time allowance committee ("TAC") on November 29, 2007, recommending that eighteen months and twenty days of good time credit be withheld pending plaintiff's successful completion of ASAT.  Defendants have since replied in opposition to plaintiff's motion for leave to amend and in further support of their dismissal motion.  Dkt. No. 16.

The parties' cross-motions, which are now ripe for determination, have

---

[4]    Defendants' motion references a third cause of action, based upon property lost or stolen from the plaintiff.  *See* Defendants' Memorandum (Dkt. No. 12-2) at pp. 3, 12-13.  The complaint on file with the court, however, does not appear to contain such a claim, *see* Dkt. No. 1, although the loss of properly is referenced in plaintiff's proposed amended complaint.  *See* Dkt. No. 15-2, ¶¶ 28 and 33-34, and Causes of Action ¶ 2.

[5]    Defendants' motion also seeks a stay of discovery, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, pending final disposition on the parties' cross-motions.  Because I find that the interests of justice and economy would not be served by permitting the parties to engage in discovery before the dismissal motion and plaintiff's cross-motion for leave to amend are addressed, I will exercise my discretion in favor of granting that relief.

been referred to me for the issuance of a report and recommendation,

pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local

Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

    A.    Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, calls upon a court to gauge the facial

sufficiency of that pleading, utilizing as a backdrop a pleading standard which

is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of

Civil Procedure requires only that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement

such as that imposed under Rule 9, a plaintiff is not required to plead specific

factual allegations to support the claim; rather, "the statement need only 'give

the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964

(2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58

(2d Cir. 2007) (acknowledging that a plaintiff may properly be required to

7

illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v.*

8

*Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'") (quoting *Twombly)*.  "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations

omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted);

*Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).

In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court

should not dismiss without granting leave to amend at least once if there is

any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d

698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend

"shall be freely given when justice so requires").

      B.   <u>Plaintiff's Procedural Due Process Claim</u>

In his first cause of action plaintiff asserts that his procedural due

process rights were abridged during the course of the August 6, 2007

disciplinary hearing and resulting determination.  While the contours of this

claim are less than clearly defined, it appears plaintiff maintains that he was

denied due process because defendant Irwin, the assigned hearing officer,

found him guilty when, in fact, he was innocent of the charges set forth in the

misbehavior report.  Defendants argue that the punishment resulting from

that hearing, which included thirty days of keeplock confinement in the

facility's special housing unit ("SHU"), did not constitute a deprivation of a

cognizable liberty interest sufficient to trigger the protections of the

Fourteenth Amendment, and that in any event plaintiff's complaint does not disclose a basis upon which to conclude that he was denied due process in conjunction with any such liberty interest deprivation.

To successfully state a claim under 42 U.S.C. § 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he or she both 1) possessed an actual liberty interest, and 2) was deprived of that interest without being afforded sufficient process. *See Tellier v. Fields,* 260 F.3d 69, 79-80 (2d Cir. 2000) (citations omitted); *Hynes*, 143 F.3d at 658; *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

### 1.   Deprivation of a Liberty Interest

In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), the United States Supreme Court determined that to establish a liberty interest, a plaintiff must sufficiently demonstrate that 1) the State actually created a protected liberty interest in being free from segregation; and that 2) the segregation would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84, 115 S. Ct. at 2300; *Tellier*, 280 F.3d at 80; *Hynes*, 143 F.3d at 658.  Since the prevailing view is that by its regulatory scheme New York State has created a liberty interest in remaining free from disciplinary confinement, thus satisfying the

first *Sandin* factor, *see, e.g., LaBounty v. Coombe*, No. 95 CIV 2617, 2001 WL 1658245, at *6 (S.D.N.Y. Dec. 26, 2001); *Alvarez v. Coughlin,* No. 94-CV-985, 2001 WL 118598, at *6 (N.D.N.Y. Feb. 6, 2001) (Kahn, J.), I must find that the conditions of plaintiff's keeplock confinement as alleged did not rise to the level of an atypical and significant hardship under *Sandin* in order to recommend that defendants' motion be granted.

Atypicality in a *Sandin* inquiry is normally a question of law.[6] *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir. 1999).   When determining whether a plaintiff possesses a liberty interest, district courts must examine the specific circumstances of confinement, including analysis of both the length and conditions of confinement.  *See Sealey,* 197 F.3d at 586; *Arce v. Walker*, 139 F.3d 329, 335-36 (2d Cir. 1998); *Brooks v. DiFasi*, 112 F.3d 46, 48-49 (2d Cir. 1997). In cases involving shorter periods of segregated confinement where the plaintiff has not alleged any unusual conditions, however, a detailed explanation of this analysis is not necessary.[7] *Hynes*, 143 F.3d at 658; *Arce*,

---

[6]    In cases where there is factual dispute concerning the conditions or duration of confinement, however, it may nonetheless be appropriate to submit those disputes to a jury for resolution. *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner,* 197 F.3d 578, 585 (2d Cir. 1999).

[7]    While not the only factor to be considered, the duration of a disciplinary keeplock confinement remains significant under *Sandin. Colon*, 215 F.3d at 231.

139 F.3d at 336; *Brooks v. DiFasi,* 112 F.3d 46, 48-49 (2d Cir. 1997); *see also Williams v. Goord*, 111 F.Supp.2d 280, 289 (S.D.N.Y. 2000) (citations omitted) (SHU confinement in New York generally does not impose atypical and significant hardship because it remains within the normal range of prison custody).  The essential comparison is not to the sentences of other inmates in restrictive confinement, but to periods of comparable deprivation suffered by other prisoners in the ordinary course of prison administration.  *Welch v. Bartlett*, 196 F.3d 389, 393-94 (2d Cir. 1999); *see also Kalwasinski v. Morse,* 201 F.3d 103, 107 (2d Cir. 1999) (citing *Welch*).  This analysis should be case-specific, taking into account both the specific duration of confinement and the conditions at the prison at which it occurred.  *Kalwasinski*, 201 F.3d at 107-08.

In this instance, according to the plaintiff's complaint and supporting exhibits, the disputed hearing resulted in a penalty which included thirty days of keeplock confinement.  In *Sandin* the Supreme Court found that

_____

Specifically, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin*, *see id.* at 232 n.5, the Second Circuit generally takes the position that SHU confinement under ordinary conditions of more than 305 days rises to the level of atypicality, whereas normal SHU confinement of 101 days or less does not.  *Id.* at 231-32 (305 days of SHU confinement constitutes an atypical and sufficient departure).  In fact, in *Colon v. Howard* a Second Circuit panel split markedly on whether or not adoption of a 180-day "bright line" test for examining SHU confinement would be appropriate and helpful in resolving these types of cases. *See id.* at 232-34 (Newman, C.J.), 235-37 (Walker, C.J. and Sack, C.J., concurring in part).

segregation for such a modest duration did not impose a significant hardship on the inmate involved in that case, *see Sandin*, 515 U.S., 485-86, 115 S. Ct. at 2301, and "the decisions in the Second Circuit are unanimous that keeplock . . . of thirty days or less in New York prisons is not 'atypical or significant hardship' under *Sandin.*"  *Williams v. Keane,* No. 95 Civ. 0379 (AJP) (JGK), 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997); *see also Anderson,* 2008 WL 3285917, at *6 (stating that "confinements in SHU or keeplock of less than thirty days will not suffice to demonstrate a protected liberty interest absent other extraordinary circumstances of the confinement demonstrating that it was atypical or significant for other reasons") (citations omitted).  Moreover, the fact that the hearing determination also included a provision for the loss of telephone, package, and commissary privileges does not suffice to establish the requisite atypicality.  *Smart v. Goord*, 441 F. Supp. 2d 631, 640 (S.D.N.Y. 2006).

Plaintiff intimates that because of the hearing determination he was unable to participate in certain prison programs, including ASAT, ART, and the MAWP.   Courts considering inmate claims regarding denial of participation in or access to prison programs or privileges under *Sandin* have uniformly concluded that inmates do not enjoy a protected liberty interest in

14

such aspects of prison life.  *See Shariff v. Artuz*, No. 99 CIV. 0321, 2000 WL 1219381, at \*6 (S.D.N.Y. Aug. 28, 2000) (denial of extra privileges associated with honor block housing does not impose an "atypical and significant hardship" on plaintiffs); *Troy v. Kuhlmann,* No. 96 Civ. 7190, 1999 WL 825622, at \*12 (S.D.N.Y. Oct. 15, 1999) (denial of telephone, package and commissary privileges does not impose "atypical and significant hardship"). Without denial of a cognizable liberty interest, there can be no due process violation.

### 2.    Due Process

In their motion, defendants also contend that plaintiff cannot establish a denial of the rights guaranteed under the Fourteenth Amendment, as illuminated by the Supreme Court's decision in *Wolff v. McDonnell,* 418 U.S. 539, 564-67, 94 S. Ct. 2963, 2978-80 (1974).

While plaintiff does not appear to challenge the procedures leading up to and associated with the hearing as not being in compliance with *Wolff*, he does assert his innocence of the charges set forth in the misbehavior report, thus implicating the requirement under the Fourteenth Amendment that the hearing officer's determination must be supported by "some evidence."  *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445,

15

454, 105 S. Ct. 2768, 2773 (1985).  Since this is a determination which

cannot be made at this juncture, without reviewing the hearing record, and in

light of plaintiff's failure to make a threshold showing of the deprivation of a

constitutionally significant liberty interest, I have chosen not to address this

second prong of defendants' dismissal motion as it relates to plaintiff's due

process claim.

　　　In sum, because plaintiff has failed to allege the deprivation of a

constitutionally significant liberty interest in connection with his procedural

due process claim, it is subject to dismissal.

　　　C.　　Plaintiff's Eighth Amendment Claim

　　　In his second cause of action, plaintiff asserts that as a result of the

hearing determination he was exposed to conditions tantamount to cruel and

unusual punishment, in violation of his rights under the Eighth Amendment.

Defendants similarly seek dismissal of this claim.

　　　The Eighth Amendment's prohibition of cruel and unusual punishment

encompasses punishments that involve the "unnecessary and wanton

infliction of pain" and are incompatible with "the evolving standards of

decency that mark the progress of a maturing society."  *Estelle v. Gamble,*

429 U.S. 97, 102, 104, 97 S. Ct. 285, 290, 291 (1976); *see also Whitley v.*

*Albers,* 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia,*

*Estelle*).  While the Eighth Amendment does not mandate comfortable

prisons, neither does it tolerate inhumane treatment of those in confinement;

thus the conditions of an inmate's confinement are subject to Eighth

Amendment scrutiny.  *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct.

1970, 1976 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct.

2392, 2400 (1981)).

    A claim alleging that prison conditions violate the Eighth Amendment

must satisfy both an objective and subjective requirement – the conditions

must be "sufficiently serious" from an objective point of view, and the plaintiff

must demonstrate that prison officials acted subjectively with "deliberate

indifference".  *See Leach v. Dufrain,* 103 F. Supp. 2d 542, 546 (N.D.N.Y.

2000) (Kahn, J.) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321

(1991)); *Waldo v. Goord,* No. 97-CV-1385, 1998 WL 713809, at *2 (N.D.N.Y.

Oct. 1, 1998) (Kahn, J. and Homer, M.J.); *see also, generally, Wilson*, 501

U.S. 294, 111 S. Ct. 2321.  Deliberate indifference exists if an official "knows

of and disregards an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."

*Farmer*, 511 U.S. at 837, 114 S. Ct. at 1978; *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

Plaintiff's complaint in this action is devoid of any allegations of exposure to conditions which would potentially support a plausible Eighth Amendment cruel and unusual punishment claim.  Plaintiff merely asserts that he was subjected to keeplock confinement in an SHU for a period of thirty days, under otherwise ordinary conditions, and subjected to a concomitant loss of certain privileges and participation in prison programs. Even interpreted in a light most favorable to the plaintiff, and crediting the allegations set forth in his complaint, plaintiff has failed to allege that he experienced conditions which would suffice to establish a plausible Eighth Amendment cruel and unusual punishment claim.  Accordingly, I recommend that this portion of defendants' motion be granted as well.

      D.    <u>Plaintiff's Motion For Leave To Amend</u>

In response to defendants' dismissal motion, plaintiff seeks leave to amend his complaint to add a challenge to the TAC's withholding of good time credits based upon his inability to complete the ASAT program due to the hearing officer's determination and resulting keeplock confinement, and additionally to recover for the loss or theft of certain of his property.

Defendants assert that plaintiff's application should be rejected on the basis that it sets forth a claim which is destined for certain dismissal.

### 1.   Governing Standard

Motions for leave to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides, in pertinent part, that unless amendment as a matter of right is permitted based upon the circumstances (something which is not applicable in this action), a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Under Rule 15(a), leave to amend ordinarily should be freely granted absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed pleading, or futility.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Elma R.T. v. Landesmann Int'l Mktg. Corp.,* No. 98-CIV.-662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000) (citing *Foman*).

Notwithstanding the familiar and well-accepted precept that leave to amend should be granted freely and is typically permitted, if a claim contained in a proposed amended complaint would be vulnerable in the face of a Rule 12(b)(6) motion then permitting amendment would be an act of

19

futility which should not be sanctioned.  *See, e.g., Saxholm AS v. Dynal, Inc.,* 938 F. Supp. 120, 124 (E.D.N.Y. 1996); *In re Boesky Sec. Litig.,* 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995).  If, on the other hand, a proposed claim sets forth facts and circumstances which may entitle the pleader to relief, then futility is not a proper basis on which to deny the right to amend. *Saxholm*, 938 F. Supp. at 124 (citing *Allstate Ins. v. Administratia Asigurarilor De Stat,* 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995) and *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief)).   In this instance defendants persuasively argue that the assertion of the additional claims set forth in plaintiff's proposed amended complaint would be futile.

## 2.   Lost Good Time Credits

In his proposed amended complaint, plaintiff complains of the loss of good time credits and requests, among the relief sought, that he be released from custody, following completion of the ASAT.  The precise theory upon which this claim is predicated is not clear.

There is no indication from plaintiff's proposed amended complaint that the loss of good time credits was a <u>direct</u> result of his disciplinary hearing,

20

and in fact the loss or recommended loss of good time credits is not a

sanction authorized to be administered by a Tier II hearing officer.  *See*

*Rivera v. Coughlin*, No. 92 Civ. 3404, 1996 WL 22342, at *4-5 & n.6

(S.D.N.Y. Jan. 22, 1996).  It appears clear that the loss of good time credits

was the result of a decision by the facility's TAC, and was based upon

plaintiff's failure to complete the ASAT program.  Since personal involvement

in a constitutional deprivation is a prerequisite to a finding of liability under

section 1983, and there is no allegation that any of the defendants in this

case are members of TAC, the second cause of action in plaintiff's proposed

amended complaint is futile.  *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.

1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)

and *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*,

434 U.S. 1087, 98 S. Ct. 1282 (1978)).

Plaintiff's theory appears to be that the loss of good time credits

resulted, at least indirectly, from the hearing officer's determination, thereby

elevating the resulting sanctions to a position of constitutional significance.

This argument also fails, however, since as a prison inmate plaintiff does not

enjoy a constitutional entitlement to participation in such programs as the

ASAT.  *See Thompson v. LaClair*, No. 9:08-CV-37, 2008 WL 191212, at *4

21

(N.D.N.Y. Jan. 22, 2008) (Scullin, S.J.) ("Inmates . . . do not have a constitutional right . . . to participate in prison programs.").

In sum, regardless of the precise theory on which plaintiff's second proposed cause of action is grounded, it fails to state a cause of action and his motion for leave to amend to add that claim therefore must be denied on the basis of futility. *See Brown v. Nassau County Dist. Attorney*, No. 08-CV-343, 2008 WL 4889108, at *2-3 (E.D.N.Y. Oct. 27, 2008).

### 3. Plaintiff's Property Claim

Although not specifically set out as a separate claim, plaintiff's proposed amended complaint also purports to add specific allegations regarding the loss of personal property suffered when he was transferred to the SHU for his keeplock confinement. *See* Proposed Amended Complaint (Dkt. No. 15-2) ¶¶ 11-18, 25-28, 33-34. Like his due process claim, plaintiff's property loss cause of action is futile, and destined for dismissal.

The precise theory upon which plaintiff's property loss claim is predicated is unclear. If plaintiff contends that he was denied procedural due process in connection with the property loss, that claim is subject to ready dismissal since it is well-established that New York provides an adequate post-deprivation remedy for such losses. *See Koehl v. Dalsheim,* 85 F.3d 86,

88 (2d Cir. 1996); *Brooks v. Chappius*, 450 F. Supp. 2d 220, 226-27

(W.D.N.Y. 2006).  If, on the other hand, plaintiff's claim is said to arise under

state tort law, whether for conversion or otherwise, such a claim would be

barred under N.Y. Correction Law § Law 24.[8]  *See Parker v. Fogg*, No. 85-

CV-177, 1994 WL 49696, at *9 (N.D.N.Y. Feb. 17, 1994) (McCurn, S.J.).

Under the circumstances I find that the claims sought to be added

through plaintiff's amended complaint are futile.  I therefore recommend

---

[8]     That section provides that

1.     [n]o civil action shall be brought in any court of the state,
       except by the attorney general on behalf of the state,
       against any officer or employee of [the Department of
       Correctional Services], in his personal capacity, for
       damages arising out of any act done or the failure to
       perform any act within the scope of the employment and
       in the discharge of the duties by such officer or
       employee.

2.     Any claim for damages arising out of any act done or the failure
       to perform any act within the scope of the employment and in
       the discharge of the duties of any officer or employee of [the
       Department of Correctional Services] shall be brought and
       maintained in the court of claims as a claim against the state.

N.Y. Correction Law § 24.  It is well established, as defendants have argued, that this
section, in combination with the Eleventh Amendment, precludes the assertion of pendent
state law claims against corrections workers in their individual capacities, whether in state
or federal court.  *See Ierardi v. Sisco*, 119 F.3d 183, 186 (2d Cir. 1997) (citations omitted);
*Baker v. Coughlin*, 77 F.3d 12, 15-16 (2d Cir. 1996); *Parker v. Fogg*, No. 85-CV-177, 1994
WL 49696, at *9 (N.D.N.Y. Feb. 17, 1994) (McCurn, S.J.).  I therefore recommend
dismissal of plaintiff's various state law claims on this basis.

against the granting of plaintiff's motion for leave to amend.[9]

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's initial complaint in this matter asserts two causes of action,

neither of which is facially plausible.  Plaintiff's procedural due process claim

is legally insufficient since the deprivation which he claims to have suffered,

including thirty days of keeplock confinement with a corresponding loss of

privileges and participation in prison programs, is insufficient to implicate the

procedural protections offered by the Fourteenth Amendment.  Similarly,

plaintiff's complaint is devoid of any allegations which would establish the

existence of a sufficiently serious condition potentially constituting cruel and

unusual punishment in violation of the Eighth Amendment.  I therefore

recommend dismissal of plaintiff's complaint, with leave to replead in

deference to his *pro se* status.  *See Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991).

Turning to plaintiff's proposed amended complaint, I find that the claims

which plaintiff seeks to add would be futile.  Plaintiff has failed to establish

---

[9]      Ordinarily, the disposition of a motion for leave to amend would fall within my non-consensual jurisdiction as implicating a non-dispositive matter pursuant to 28 U.S.C. § 636(a).  *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  Because of the procedural setting, however, I have chosen to format this portion of my decision as a recommendation to the assigned district judge.

defendants' personal involvement in the decision to deny him good time

credits.  Additionally, plaintiff's property loss claims are without merit, fail to

implicate a cognizable constitutional right, and if construed as arising under

state law, are barred by N.Y. Correction Law § 24.

Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss plaintiff's

complaint (Dkt. No. 12) be GRANTED, and that plaintiff's cross-motion for

leave to amend (Dkt. No. 15) be DENIED, and that plaintiff's complaint be

DISMISSED in all respects, with leave to replead; and it is further hereby

ORDERED that pending final determination on this report and

recommendation, all discovery in this action is temporarily STAYED pursuant

to Rule 26(c) of the Federal Rules of Civil Procedure.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed with

the Clerk of the Court within TEN days of service of this report.  FAILURE TO

SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984

F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

Report, Recommendation and Order upon the parties in accordance with this

court's local rules.


Dated:       January 30, 2009
             Syracuse, NY


David E. Peebles
U.S. Magistrate Judge

26