IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MILTON THOMPSON,

                Plaintiff,        Civil Action No.
  -v.-                                   9:08-CV-0037 (FJS/DEP)

DARWIN LACLAIR, Superintendent; JOHN
DOE 1, JOHN DOE 2, and A. MCKEE, Correctional
Officers, and N. IRWIN, Lieutenant,

                Defendants.

APPEARANCES:

<u>FOR PLAINTIFF</u>:

MILTON THOMPSON, *Pro Se*
041-463-787
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

<u>FOR DEFENDANTS</u>:

HON. ANDREW M. CUOMO        AARON M. BALDWIN, ESQ.
Attorney General of               Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Milton Thompson, a former New York State prison inmate who has been released from custody and, according to publically available information, was removed by federal immigration authorities to Jamaica, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights.  In his complaint, plaintiff asserts that he was issued a misbehavior report accusing him of prison rules violations that he did not commit, and as a result of the issuance of that report and an ensuing disciplinary hearing he was placed in keeplock confinement and suffered the loss of various privileges, including disqualification from certain prison programs.

Currently pending before the court in connection with this action are two separate motions.  In the first, filed on October 16, 2009, plaintiff requests the assignment of an attorney to represent him in this action, *pro bono*, although his motion also purports to request a preliminary injunction reversing the state court conviction which resulted in his incarceration.  Dkt. No. 28.  The second motion now before the court, filed by the defendants on October 29, 2009, seeks dismissal of plaintiff's second amended complaint for failure to state a cognizable claim.  Dkt. No. 29.

Despite his removal from the United States the plaintiff, who is listed on court records as residing in the Buffalo Detention Facility, located in Batavia, New York, has failed to apprise the court of his change of address as required by this court's local rules. In light of this failure, I recommend that plaintiff's complaint be dismissed without addressing the merits of either pending motion.

I.   BACKGROUND

Plaintiff commenced this action on January 10, 2008. Dkt. No. 1. At the time of commencement plaintiff was a prison inmate within the care and custody of the New York State Department of Correctional Services ("DOCS"), and designated to the Franklin Correctional Facility, located in Malone, New York. Dkt. No. 1. Plaintiff's complaint named Franklin Superintendent Darwin LaClair, Corrections Officer A. McKee, Corrections Lieutenant N. Irwin, and two "John Doe" corrections officers as defendants, and asserted claims alleging the deprivation of procedural due process and the imposition of cruel and unusual punishment. *Id.* Following a routine, initial review of plaintiff's complaint, Senior District Frederick J. Scullin issued an order dated January 22, 2008 granting plaintiff's request for leave to proceed *in forma pauperis*, authorizing the filing of plaintiff's complaint, and

denying plaintiff's request for preliminary injunctive relief, which sought an order directing that his record be expunged to eliminate reference to the disciplinary penalty and that he be provided credit for completion of an Alcohol Substance Abuse Treatment ("ASAT") program.  Dkt. No. 5.

In response to plaintiff's complaint defendant moved on March 27, 2008 for dismissal based upon plaintiff's alleged failure to state a cause of action upon which relief may be granted.  Dkt. No. 12.  On January 30, 2009, I issued a report recommending that the motion be granted and that plaintiff's complaint be dismissed, with leave to replead.  Dkt. No. 18.  Senior District Judge Scullin adopted the report and recommendation by order issued on August 25, 2009.  Dkt. No. 24.

On September 22, 2009, plaintiff filed a second amended complaint in the action.  Dkt. No. 25.  His amended pleading purported to add two "John Doe" corrections officers as defendants, and like its predecessors asserted claims of procedural due process violations and of cruel and unusual punishment.  The filing of the second amended complaint was followed by plaintiff's motion for appointment of counsel and for a preliminary injunction. Dkt. No. 28.

In lieu of answering plaintiff's second amended complaint, defendants

4

lodged a second dismissal motion on October 29, 2009, asserting that plaintiff's latest pleading, like his earlier complaints, was legally deficient. Dkt. No. 29. Both motions have been fully briefed and were referred to me for the issuance of a decision, in the case of the attorney appointment application, and a report and recommendation addressing plaintiff's request for injunctive relief and defendants' dismissal motion.

On June 24, 2009, the court received notice from the plaintiff of a change of address, advising that he was transferred into the Buffalo Federal Detention Facility, located in Batavia, New York. Dkt. No. 23. In light of that change, indicating that plaintiff had transitioned into the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE"), the court made inquiry of that agency regarding plaintiff's status and was advised that he was removed from the United States to Jamaica on April 29, 2010. Despite this change in circumstances, plaintiff has submitted nothing to the court to indicate a current address where he can be reached for purposes of communications regarding this action.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court, in its discretion, may dismiss an action based upon the failure of a plaintiff to

prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).[1] The power of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*. *Lindsey v. Loughlin*, 616 F. Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler once noted,

> [i]t is neither feasible nor legally required that the clerks of the

---

[1] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

>district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

In this instance, the plaintiff was made aware of the court's requirement concerning address changes in Senior District Judge Scullin's January 22, 2008 order which provided, in relevant part, that "[p]laintiff must . . . promptly notify the Clerk's Office and all parties or their counsel of any change in his address; **his failure to do so will result in dismissal of this action**."[2] Memorandum, Decision and Order dated January 22, 2008 (Dkt. No. 5) at p. 10 (emphasis in original). Plaintiff's awareness of this obviously important requirement is further evidenced by the fact that on a prior occasion he did provide written notification to the court of his change of circumstances and

---

[2] Northern District of New York Local Rule 10.1(b) provides that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." N.Y.D.Y.L.R. 10.1(c).

7

new address.

The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five factors, including

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).

I have carefully evaluated the five factors considered by the Second Circuit when reviewing a district court's order to dismiss an action under Rule 41(b) for failure to prosecute and/or for failure to comply with an order of the district court and find that they weigh decidedly in favor of dismissal. Although plaintiff was removed more than a month ago to Jamaica, his whereabouts are unknown and his failure to comply with the obligations

8

imposed under the local rules to provide a notice of a change of address persists. As the foregoing reflects, plaintiff was plainly on notice not only of the obligation to advise the court of any change of address but the potential for dismissal of his complaint in the event of a failure to do so. The defendants will be prejudiced by any further delay in this action since it involves events which occurred nearly three years ago, and undoubtedly memories of the relevant events have faded, potentially pertinent documents have been discarded, and witnesses may have been transferred to other correctional facilities. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). I also find that the need to alleviate congestion on the court's docket and to move matters of this nature forward to resolution outweighs plaintiff's right to receive a further chance to be heard in this matter. Finally, I have considered but have rejected less drastic sanctions; the court's inability to communicate with the plaintiff concerning his lawsuit would make the imposition of less drastic sanctions meaningless.

III. <u>SUMMARY AND RECOMMENDATION</u>

As a result of plaintiff's release from prison and subsequent removal to Jamaica, coupled with his failure to apprise the court of that fact and to provide an address where he can be reached for purposes of communications, his current whereabouts are unknown to the court. This case obviously cannot proceed toward resolution without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff. Based upon his failure to provide such an address, I recommend that plaintiff's complaint in this action be dismissed. It is therefore hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED for failure to prosecute and to comply with the rules of this court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   June 7, 2010
         Syracuse, NY

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge



Page 1

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)
(Cite as: 1996 WL 481534 (N.D.N.Y.))

C Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Millicient FREEMAN, Plaintiff,
v.
Kevin LUNDRIGAN, C.O., Defendant.
**No. 96-CV-1190 (RSP/RWS).**

Aug. 22, 1996.

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report-Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility-Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92-Civ-3398, 1994 WL 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95-CV-1525, 1996 WL 172699, \*1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)
(Cite as: 1996 WL 481534 (N.D.N.Y.))

hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**\*2** IT IS SO ORDERED.

N.D.N.Y.,1996.
Freeman v. Lundrigan
Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 1

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
(Cite as: 1996 WL 172699 (N.D.N.Y.))

C  Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY STAFF, Defendant.
**No. 95-CV-1525 (RSP/RWS).**

April 10, 1996.

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
(Cite as: 1996 WL 172699 (N.D.N.Y.))

IT IS SO ORDERED.

N.D.N.Y.,1996.
Dansby v. Albany County Correctional Facility Staff
Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.